<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                 United States Court of Appeals
                     For the First Circuit

No. 98-1124

                      PCS 2000 LP, ET AL.,

                     Plaintiffs, Appellees,

                               v.

           ROMULUS TELECOMMUNICATIONS, INC., ET AL.,

                    Defendants, Appellants.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

     [Hon. Gilberto Gierbolini, Senior U.S. District Judge]

                             Before

                     Selya, Circuit Judge,
                                
         Rosenn* and Campbell, Senior Circuit Judges.
                                
                                

    Guillermo Ramos Luia and Rivera, Tulla & Ferrer on brief for
appellants.
    Jorge Bermdez-Torregrosa and Cuevas, Kuinlam & Bermdez on
brief for appellees.

July 8, 1998

_______________
*Of the Third Circuit, sitting by designation.
                               

 SELYA, Circuit Judge.  This appeal requires us to
address, for the first time, the question of whether the Federal
Arbitration Act, 9 U.S.C.  1-16 (1994) (the FAA), in and of
itself confers subject matter jurisdiction on a federal court.  We
answer this question in the negative.
 At all times material hereto, plaintiff-appellee Unicom
Corporation, a Puerto Rico entity, functioned as the general
partner of plaintiff-appellee PCS 2000 LP (PCS), a limited
partnership engaged in the business of acquiring so-called personal
communications services licenses.  PCS periodically participated in
license auctions conducted by the Federal Communications Commission
(the FCC).  To assist in this endeavor, PCS enlisted the services
of defendant-appellant Romulus Telecommunications, Inc. (Romulus),
a Puerto Rico corporation, as its bidding agent.  The Service
Agreement between PCS and Romulus contained an arbitration clause
providing that "[a]ny disputes under this agreement shall be
resolved in San Juan under the rules of the American Arbitration
Association."
 Early in 1996, PCS authorized Romulus to bid slightly
over $18,000,000 ($18,006,000, to be precise) to acquire an FCC
license in the Norfolk, Virginia market.  Romulus, acting through
one of its principals, defendant-appellant Anthony Terence Easton,
mistakenly entered a bid for $180,060,000 on PCS's behalf.  In the
aftermath of this debacle, Easton, eager to avoid the penalties
incident to the withdrawal of the inflated bid, attempted to
persuade the FCC that it, rather than Romulus, had committed the
bevue.  The attempt backfired when the FCC concluded that Easton
had intentionally misrepresented material facts, and levied hefty
fines against PCS for the bidding error and Easton's botched cover-
up.
 The plaintiffs sued Romulus, Easton, and Easton's spouse
in a local Puerto Rico court, alleging fraud, breach of contract,
and breach of fiduciary duty.  Romulus countered by filing a demand
for arbitration with the American Arbitration Association (the AAA)
and moved to dismiss the court action on the strength of the
Service Agreement's arbitration clause.  This motion remains
outstanding.
 The AAA agreed to hear the dispute, notwithstanding the
plaintiffs' objection.  The plaintiffs then commenced a second
action in Puerto Rico's federal district court, seeking both a
declaration that the dispute was not arbitrable and a provisional
order staying arbitration pendente lite.  The plaintiffs' complaint
premised subject matter jurisdiction expressly and solely on the
FAA.  The court below granted interim relief and ordered the AAA   
whom the plaintiffs had named as an additional defendant   "to stay
all proceedings in the case . . . until this Court makes an
adjudication as to the arbitrability of the matters brought before
it."  This appeal followed.
 Because the district court's stay order is in the nature
of an injunction, we have appellate jurisdiction.  See 9 U.S.C.  
16(a)(2) (authorizing an immediate appeal from "an interlocutory
order granting . . . an injunction against an arbitration that is
subject to this title"); see also 28 U.S.C.  1292(a)(1) (1994)
(permitting interlocutory appeals from injunctions).
 The central issue on appeal is whether the lower court
had subject matter jurisdiction over the parties' dispute.  This
issue turns on an application of 28 U.S.C.  1331 (1994), which
grants federal district courts original jurisdiction over civil
actions "arising under the Constitution, laws, or treaties of the
United States."  Because no other source of jurisdiction appears on
the face of the complaint, we must ask whether PCS's suit can be
said to "aris[e] under" federal law within the meaning of section
1331.  See Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998).
 It is settled beyond peradventure that a federal court
must determine the existence of federal question jurisdiction
according to the well-pleaded complaint rule.  See id.  The rule
stipulates that, with few exceptions (none applicable here), a case
arises under federal law only if a federally cognizable cause of
action appears within the four corners of the complaint.  See City
of Chicago v. International College of Surgeons, 118 S. Ct. 523,
529 (1997); BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir.
1997).  Here, the complaint's jurisdictional allegations rest
singularly on the FAA, and the claims asserted sound exclusively in
tort and contract    causes of action rooted in local law.  
Accordingly, federal jurisdiction depends on the FAA   and the FAA
cannot support such a weight.
 The Supreme Court has concluded that the FAA "is
something of an anomaly in the field of federal-court jurisdiction"
because it "creates a body of federal substantive law" without
simultaneously "creat[ing] any independent federal-question
jurisdiction under 28 U.S.C.  1331 or otherwise."  Moses H. Cone
Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32
(1983).  As a result of this odd configuration, there must be some
independent basis for federal jurisdiction   say, admiralty or
diversity of citizenship   before a suit aimed at compelling
arbitration can proceed in federal court.  See id.
 To be sure, the case at hand presents a slightly
different question from that considered by the Moses H. Cone Court
in that PCS seeks an order staying arbitration as opposed to an
order compelling arbitration.  We deem this to be a distinction
without a difference.  We have held squarely that the power to
enjoin an arbitration is "the concomitant of the power to compel
arbitration," Societe Generale de Surveillance, S.A. v. Raytheon
European Mgmt. & Sys. Co., 643 F.2d 863, 868 (1st Cir. 1981), and
thus the same provision of the FAA, 9 U.S.C.  4, authorizes both
types of orders.  Since the Court's interpretation of section 4 in
the context of an order compelling arbitration is clear and
unambiguous, there is no principled way in which we can deviate
from that interpretation in the context of an order staying
arbitration.  We hold, therefore, that a suit under the FAA either
to stay or to compel arbitration must proceed in a state forum
unless some independent basis for federal jurisdiction exists.  
Accord Westmoreland Capital Corp. v. Findlay, 100 F.3d 263, 268 (2d
Cir. 1996).
    The plaintiffs have a fallback position, but it is
feeble.  They suggest on appeal (though not in their complaint)
that section 503(b) of the Communications Act of 1934, 47 U.S.C.  
503(b), furnishes a hook on which federal subject matter
jurisdiction can be hung.  We disagree.
    In the first place, "[i]t is black-letter law that
jurisdiction must be apparent from the face of the plaintiffs'
pleading," Viqueira, 140 F.3d at 18, and the plaintiffs' complaint
does not mention 47 U.S.C.  503(b).  Moreover, even were this
statute mentioned in passing, it would fail to supply the requisite
independent basis for federal jurisdiction.  We explain briefly.
    It is true, as the plaintiffs assert, that this case
peripherally involves FCC bidding practices, and that cases
sometimes arise under federal law when an interpretation of federal
law is outcome-determinative.  See Smith v. Kansas City Title &
Trust Co., 255 U.S. 180, 199 (1921).  But section 503(b) of the
Communications Act confers no private right of action, and the
plaintiffs' complaint only advances non-federal claims.  
Consequently, while an interpretation of section 503(b) might
implicate limited aspects of the plaintiffs' tort and contract
claims, this is too tenuous a connection to support a claim of
federal jurisdiction.
    No less an authority than the Supreme Court has made this
clear.  Unless a federal statute bestows a private right of action,
courts ought to presume that Congress did not intend the statute to
confer federal jurisdiction.  See Merrell Dow Pharm. Inc. v.
Thompson, 478 U.S. 804, 814 & n.12 (1986).  Hence, "the presence of
[a] federal issue as an element of [a] state tort is not the kind
of adjudication for which jurisdiction would serve congressional
purposes and the federal system."  Id. at 814.  It follows
inexorably that, because the claims asserted in the plaintiffs'
complaint do not themselves emanate from federal law, the
plaintiffs cannot predicate federal jurisdiction on section 503(b)
of the Communications Act.
    We need go no further.  As neither the FAA nor any other
federal statute furnishes an independent basis for federal
jurisdiction, the district court lacked authority either to
consider the plaintiffs' complaint or to make any orders in respect
to the slated arbitration of the parties' dispute.
    The district court's jurisdictional finding is reversed,
the stay order is vacated, and the cause is remanded with
instructions to dismiss the action without prejudice for want of
subject matter jurisdiction.  Costs in favor of the appellants.

</body>

</html>